Harry R. & Darline P. Day v. Commissioner. Ray F. and Annabel F. Miller v. Commissioner.
Day v. Commissioner
Docket Nos. 3904-66, 4008-66.
United States Tax Court
T.C. Memo 1968-153; 1968 Tax Ct. Memo LEXIS 146; 27 T.C.M. (CCH) 754; T.C.M. (RIA) 68153; July 18, 1968. Filed Harry R. and Darline P. Day, pro se, 3002A S. 42nd St., St. Joseph, Mo., in Docket No. 3904-66. Ray F. and Annabel F. Miller, pro se, RR #1, Clarksdale, Mo., in Docket No. 4008-66. Hugh C. McMahon, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in docket No. 3904-66, in the 1963 income tax of petitioners Harry R. and Darline P. Day in the *147 amount of $268.40, and a deficiency in docket No. 4008-66 in the income tax of petitioners Ray F. and Annabel F. Miller for the years 1963 and 1964 in the respective amounts of $240 and $744.37. The cases were consolidated because of a common dependency credit issue and rival claims as to who furnished over half the support of two boys named Harry Day, Jr. and Paul Day. There were other issues in docket No. 4008-66 which have been settled or conceded so the only issue as to 1963 is whether the Days or the Millers furnished over half the support of the boys and as to 1964, whether the Millers furnished over half the total support of the boys 755 Findings of Fact Petitioners Harry R. and Darline P. Day are husband and wife and they had their legal residence at St. Joseph, Missouri, at the time they filed their petition in this case. They filed their joint income tax return for 1963 with the district director of internal revenue at St. Louis, Missouri. Petitioners Ray F. and Annabel F. Miller are husband and wife and they had their legal residence at Clarksdale, Missouri, at the time they filed their petition in this case. They filed their joint income tax returns for the years *148 1963 and 1964 with the district director of internal revenue at St. Louis, Missouri. Harry R. Day and Annabel F. Miller were formerly married to each other. Annabel obtained a divorce from Harry in June of 1952 and she subsequently married Ray F. Miller. The divorce decree rendered by the Judge of the Circuit Court of Buchanan County, Missouri, awarded to Annabel "the care, custody and control of Louis Ted Day, of Harry R. Day, Jr., and of Paul Joseph Day, minor Children" of Harry R. and Annabel and the decree provided Annabel "is hereby allowed the sum of Five Dollars ($5.00) per week as and for the support of each of said minor children, said sum to be taxed against the defendant, [Harry R. Day] and which said sum defendant shall pay to the Clerk of this Court on Saturday of each week, the first of which said payments shall become due and payable on Saturday, June 14, 1952." At the time of the divorce Harry Day, Jr. and Paul Day were 5 and 3 years old, respectively. Louis Ted Day was 10 or 11 years old in 1952 and he was not a dependent during any of the years in issue. The records in the office of the Clerk of Buchanan County show Harry R. Day made child support payments in *149 1963 and 1964 in the respective amounts of $525 (or $262.50 for each boy), and $535 (or $267.50 for each boy). During 1963 and 1964 Harry Day, Jr. and Paul Day made their home with their mother Annabel and her husband Ray F. Miller. The boys occasionally stayed with their father Harry R. Day over a weekend or over night. The following schedule shows the expenditures by the Millers, which included the child support payments made under the court order, for the support of each of the boys for the year 1963: 1963
Support
By Ray & AnnabelMiller
Total Rent
$1,010.00
Utilities
329.10 *13 HARRY R. DAY, Jr.
Transportation (Transportation to and from school, 12 Miles, 140 days, @.05 per mile)
$ 84.00
Bus Fare
7.00
Laundry and Dry Cleaning
75.00
Misc. Expense
64.19
Clothes
36.86
School Expense
25.00
School Books
9.50
Room at Y.M.C.A., 6 nights
6.00
Spending Money $2.00 per week
104.00
Share of Rent
252.50
Share of Utilities
82.27
Food $1.50 per day
540.00
Car Expense 57.84
$1,344.16 *13 PAUL J. DAY
Transportation (Transportation to and from school, 12 Miles, 180 days, @.05 PER MILE)
$ 96.00
Weekly C.Y.O. Meeting, 52 weeks
31.20
Laundry & Dry Cleaning
75.00
Misc. Expense
20.10
Clothes
50.10
Tuition
9.00
Books
8.65
One Week board with brother, Louis
10.00
Spending Money $2.00 per week
104.00
Share of Rent
252.50
Share of Utilities
82.27
Food $1.50 per day 540.00
$1,278.82
*150 In addition to the above, the Days contributed not more than $250 for each of the boys in the year 1963 for food, money given directly to the boys, clothing, school expenses and entertainment. The total cost of the support of Harry R. Day, Jr. for the year 1963 was $1,594.16 ($1,344.16 plus $250), of which sum the Days contributed $512.50 ($262.50 plus $250) and Annabel contributed $1,081.66, or more than half. The total cost of the support of Paul J. Day for the year 1963 was $1,528.82 ($1,278.82 plus $250), of which sum the Days contributed $512.50 and Annabel contributed $1,016.32. The following schedule shows the expenditures by the Millers for the support of each of the boys for the year 1964: 1964
Support
By Ray & Annabelmiller
Total Rent
$900.00
Total Utilities
323.46 *13 HARRY R. DAY, Jr.
Transportation (4 Miles for 100 Days)
$ 40.00
Laundry & Dry Cleaning
75.00
Misc. Expense
67.45
Books
10.50
Clothes
104.22
Car Expense
$ 80.00
Medical Expense
31.43
Share of Rent
201.60
Share of Utilities
72.35
Food, $1.50 per day
540.00
Spending Money $2.00 per week 104.00
$1,326.55 756 *13 PAUL J. DAY
Transportation 2 Miles for 180 days
$ 36.00
Transportation C.Y.O. Meeting
10.40
Laundry & Dry Cleaning
75.00
Misc. Exp.
115.47
School
32.69
Clothes
111.51
Share of Rent
201.60
Share of Utilities
72.35
Food $1.50 per day
540.00
Spending Money $2.00 per week
104.00
Medical Expense 42.50
$1,341.52
*151 In addition to the above, the Days contributed not more than $300 for each of the boys in the year 1964 for food, money given directly to the boys, clothing, school expenses and entertainment. The total cost of the support of Harry R. Day, Jr. for the year 1964 was $1,626.55 ($1,326.55 plus $300), of which amount Annabel contributed the sum of $1,059.05, or more than half. The total cost of the support of Paul J. Day for the year 1964 was $1,641.52 ($1,341.52 plus $300), of which amount Annabel contributed the sum of $1,074.02, or more than half. Opinion Section 151(e), Internal Revenue Code of 1954, allows an "exemption of $600 for each dependent" and the definition of a dependent includes the taxpayer's minor son "over half of whose support, for the calendar year * * * was received from the taxpayer." See section 152(a)(1), I.R.C. of 1954. The burden was on the petitioners in both dockets to first show the total support received by the children in 1963, and the burden was on the Millers to first show the total support received by the children in 1964. Respondent's only argument on brief is that the petitioners in both dockets *152 failed to sustain their first burden in that the record fails to show the amount of total support received by the children in the years in issue. There is no merit in this argument. True, the record is not an exact, accurate record of all receipts and disbursements with respect to the support of the boys. Parents do not usually keep books with respect to child support items. As in all such cases, the schedule of support expenses consists of a reconstruction of expenditures containing some estimates and some allocations which, if they appear to be reasonable, are accepted for the purpose of calculating the total support furnished the children. We think the record here furnishes a reasonable basis for determining the total support received by the two children in 1963 and 1964. We have practically adopted the schedules for the support furnished each of the boys, placed in evidence by Annabel and confirmed by her direct testimony. We have found the Days contributed $250 in 1963 and $300 in 1964 for the support of each boy in addition to the child support payments made to the Clerk of the Court. It fairly appears that no one else contributed to the support of the children during the *153 years in question so the sum of the contributions is the total support furnished the boys during the years in question. The witnesses in this case were Annabel F. Miller, the mother of the boys, and Darline P. Day, the second wife of the father of the boys, Harry R. Day. However, Darline testified she and Harry were divorced in February of 1963 and they were remarried in November of 1963. Darline said the boys rarely came together but one of the boys would usually come to her apartment nearly every Sunday in 1963 for a meal and money for a show. It is not clear whether this was during the period she and Harry were separated or while they were living together. She said they spent a great deal of time at their home in 1964. The boys' mother testified one of the boys would occasionally stay overnight at his father's house. In 1963, Harry R. Day, Jr. was 16 years old and Paul was 14. We have no doubt the father made some contribution to the support of the boys, other than the $5 a week he was ordered to pay for the support of each boy when they were 5 and 3. The father did not testify and the boys were overseas at the time of the trial. It was Darline Day's testimony that in the *154 year 1963 they spent a total of $1,358.94 for the support of the two boys, which sum includes the $525 the father paid into the Clerk of the Court's office. As stated, she was divorced from the boys' father during most of this year and her schedule consists in the main of a tabulation of cancelled checks, not all of which evidence support payments. We have not set forth a 757 detailed analysis of her schedule because even if the total she claims were allowed, and divided equally between the boys, it would not amount to half of the total support furnished each boy. Using our best judgment and viewing the record in its entirety, we have concluded the Days furnished support in 1963 and 1964 in excess of the court ordered payments of not more than $500 and $600, respectively, and we have divided these sums equally between the two boys. As stated earlier, we have practically adopted Annabel's schedule as to the support she furnished for the boys in 1963 and 1964. She testified quite frankly. Respondent did not see fit to cross examine her. Using our best judgment, we have concluded she furnished support for Harry R. Day, Jr. in 1963 and 1964 in the amounts of $1,081.66 and $1,059.05, *155 respectively, and for Paul J. Day in 1963 and 1964 in the amounts of $1,016.32 and $1,074.02, respectively. There are estimates and allocations in her schedules but they seem reasonable and respondent did not see fit to question them at the trial. On the whole record we are convinced, and so hold, that the Millers furnished over half the support of each of the boys in 1963 and 1964. There were other issues settled and conceded in docket No. 4008-66. Decision will be entered under Rule 50 in docket No. 4008-66. Decision will be entered for the respondent in docket No. 3904-66.